Good morning, Your Honors. Vince Bronco, Federal Defenders, on behalf of Mr. Ceron. In a federal prosecution, the Fifth and Sixth Amendments demand that any fact essential to punishment must be alleged in an indictment and proven beyond a reasonable doubt. In Covey and Sandoval, this Court held that the deportation and its date is an essential fact for punishment in the 1326 prosecution. Thus, as the date of deportation was not alleged in this indictment, the maximum sentence for Mr. Ceron was two years. THE COURT READ Was there evidence before the jury that the jury considered concerning the prior deportation? VINCE BRONCO There was evidence of the deportation at trial, but what we're arguing here is that this is a separate challenge, that it's a failure to allege that date in the indictment that is the defect in this case, meaning this Court has had a series of cases dealing with what's the standard of review based on the evidence at trial. We're making a separate claim that the failure to allege this essential fact, the date of deportation in the indictment, makes an increase based on that date prohibited under the Fifth and Sixth Amendments. THE COURT READ If the only evidence before the jury established a date that would make it prior, didn't the jury necessarily find what was needed to be found? VINCE BRONCO Yes, but the point is, and this is in DuBois, it doesn't matter what the jury necessarily found. There was nothing for the jury to ratify based on the defect in the indictment. In other words, because the grand jury didn't make a finding as to a date, it doesn't matter what the jury did. It's the analysis of the error on the indictment, and that is structural error in this case. THE COURT READ Did defense counsel request an interrogatory to the jury to find the exact date of the deportation? VINCE BRONCO No, but that's not necessary again. It wasn't in the indictment. It would be like the jury to find that fact. No, because our point is, if the jury doesn't make any finding as to a date of deportation, you can't have a sentencing increase by the judge later finding a date. THE COURT READ The judge can find the prior convictions, right? VINCE BRONCO The judge can find the prior conviction, but without having a date, that prior conviction, without having a specific deportation either before or after, the judge can't make that finding under Cobian. And it's analogous to, for example, a drug case. Say, in a drug case, the government just alleged a detectable amount of marijuana. We wouldn't make a challenge for an interrogatory of how much. We would, if the government then tries to increase the sentence above the maximum for just a detectable amount of marijuana, we would make our objection based on the indictment, say, the maximum penalty is five years. The same thing, for example, in an assault case under 111. There's many different maximum penalties depending on specific characteristics of the offense. If the government just alleged a basic simple assault, it's not going to be required for the defense counsel or the defendant to make any objections prior to trial. It's just time to make those objections as sentencing when the government is now trying to increase sentence based on something that wasn't in that indictment. And again, Blakely, Apprendi, Cotton, they all hold that a fact that's essential to the punishment must be in the indictment, straight from Cotton. That can't be because the court can still find a prior conviction. Yes. That's still allowed, right? Yes. But this isn't a prior conviction. It's the date of deportation. It's the temporal relationship of that. Meaning, again, the court can find the prior conviction. But unless the grand jury has alleged a deportation or found a deportation that's after that prior conviction, he can't make that finding as to when the deportation occurred. That is the illegal determination by the judge in this case. And again, it doesn't matter what the jury found or what was presented to the jury. We don't know what, if anything, was presented to the grand jury. Meaning, the government could have gone in this case and just said, you know, we've reviewed an A file and Mr. Cerone was deported without a date. If the grand jury doesn't pass on a date, there's nothing for the petite jury to ratify later on. And all this is basic in Dubot, Ulmer. If there's something essential to the conviction, if there's something essential to the sentence, it's necessary that it be in the indictment. What about Martinez-Rodriguez? Martinez-Rodriguez didn't address this issue. Specifically, as the court's aware, they repeatedly characterized Martinez-Rodriguez's argument as that the jury did not find beyond a reasonable doubt or Mr. Martinez-Rodriguez did not admit the date of deportation. All the court's holdings from that are couched in we hold. The jury necessarily found that beyond a reasonable doubt the date of deportation. Martinez-Rodriguez doesn't even mention Dubot, Ulmer, Cerone, Russell, all the cases which state that an essential fact must be in the indictment. So, put simply, Martinez-Rodriguez doesn't address the issue and we're encouraging this court to finally address it. Meaning, they've addressed just the Sixth Amendment claim. We're making a Fifth and Sixth Amendment claim that unless the date of deportation is alleged, you cannot increase the sentence. I would like to address one of the other cases that have come out since Covey and that is Lopez. And in Lopez they do make a comment that, about the temporal relationship. But again, that temporal relationship is couched in terms of the prior conviction. Meaning, what was argued in Lopez was the, the, it wasn't, the prior conviction wasn't proven to the jury. And what Lopez held was that, well, and this is plain air also, that just because there's this temporal relationship, it doesn't matter that the prior conviction be proven to the jury. What we're saying is, we'll agree that prior conviction does not have to be proven to the jury, but the date of deportation does need to be alleged in the indictment. And again, Lopez doesn't count, doesn't even purport to decide the grand jury issue that's presented here. The same with Zepeda-Martinez. In Zepeda-Martinez, they did have a comment that, that the Supreme Court recently held that apprendi air is decided on a harmless beyond a reasonable doubt standard. And Zepeda-Martinez cites Requinco. The problem with that is, again, that was just addressing a Sixth Amendment claim. Zepeda-Martinez, actually, there was an allegation of a date of deportation that was alleged in the indictment. The defendant moved to struck it so that he could not have made any Fifth Amendment claim. And in Requinco, the Supreme Court in footnote three specifically stated, we're not addressing a charging, what would happen on a charging air, because that's not what the Supreme Court of Washington did. They just addressed the Sixth Amendment claim. Can a defendant be convicted under 1326 without showing that he had previously been deported? No. So it has to be. Well, without the government showing he'd been previously deported, no. Right. Okay. So are you saying that the indictment should be dismissed here, or are you saying that the court was prevented from giving him any greater amount of time because of this? Any sentence above two years, because 1326A says deported. And that's what the grand jury found. They found a deportation. To increase under 1326B above, someone has to make a finding that the deportation occurred after the prior conviction. The grand jury did not make a determination as to the date of deportation, so the district court could not make that finding for the grand jury. I see I have one minute left, unless questions. I'd like to save it for rebuttal. Quick question. Yes. 1326B is a sentencing enhancement? The part of 1326B of the prior conviction is a sentencing enhancement. Can something be both a sentencing enhancement and an element of the offense? Yes, depending on how the statute is construed, I'd say it could be both. And in this case, is it? I would say the date of deportation is both. Okay. You have a little under a minute. You've saved it for rebuttal. Thanks for your argument. We'll hear from the government at this time. Mr. Brunkle? May it please the Court? Christopher Alexander for the United States. Good morning. Oh, I'm sorry. I mixed up the names. Sorry. Go right ahead. This case presents essentially three issues raised on appeal, but it seems that the focus of the court is on the third issue that deals with this two-year statutory maximum argument. The defense raises this issue essentially for the first time on appeal. Nowhere in the district court was this issue raised, and I would point out to the supplemental excerpts of record at page 5 where the challenge to the indictment was made in the district court level. Nowhere prior to the trial did Mr. Cerrone-Escobar challenge the indictment in that it excluded this necessary element, the date of deportation. Well, he says that it's sufficient for up to two years, but if you're going to enhance it, you've got to allege it more. Well, that's... Can you do that? Well, the... But the challenge itself isn't made until the time of sentencing. Okay. Did he raise it at sentencing? He raised it at sentencing. Yes, he did. However, when you look at whether the challenge is timely, even under the Dabow case, it must be made prior to trial, and that did not occur in this case. Was there any indication by the court or by the prosecution that he was going for an enhanced sentence? Well, certainly, Your Honor, in that the evidence that was introduced was tied to that removal date. The only evidence that was introduced during the trial, and the only evidence that was ever even produced, was regarding a removal date that was after the aggravated felony. So it would necessarily be found by the jury, once the conviction occurred, that he would be subject to the enhanced penalty. Let's assume the prior to, in fact, is a sentencing enhancement. In the absence of a special interrogatory, is a jury's consideration of evidence to that effect enough? Well, I would say yes, Your Honor, under Martinez-Rodriguez. Where the jury's only presented evidence, and in this case the jury was only presented evidence of the 2005 removal, and his aggravated felony occurred before the 2005 removal, without even looking at whether there's a special interrogatory, the jury necessarily finds, when they find that the defendant was, in fact, guilty of a 1326 violation, and as counsel points out, it requires a deportation. And in order for the jury to find that, they need to address that issue. In addition, Your Honor, while the defense disputes this in a 28-J letter, during the course of the trial, the defendant entered a stipulation in which he admitted that, in fact, he had been removed in 2005. Now, what the defense characterizes it as an admission that he made a statement. Well, the statement was that he had, in fact, been deported in 2005. So there wasn't any factual dispute about it there. Correct. There was no factual dispute. And even when you step forward further to the time of sentencing, the defense never introduced any affirmative evidence disputing his removal date, contesting the pre-sentence report that would put there some contest and raise some issue. That never occurred in this case. Simply put, the standard of review in this instance is plain error. While the defense argues for a structural error, they never preserve the issue prior to trial. And as a result of never preserving that issue prior to trial, even under Dubot, it is reviewed for plain error. And when you look at the plain error, there is no plain error here. The jury necessarily found the issue under Martinez-Rodriguez. There was never any dispute consistent with the Covey and Sandoval decision where the defense actually raises this issue. It's clear in the pre-sentence report, and it was admitted via stipulation before the jury. Now, even if the defense had not had, in fact, preserved this issue, it's the United States' position that, in fact, the Dubot decision itself has been undercut over rule sub silencio by United States v. Cotton. And in making that argument, I would point specifically to a footnote 3 in Dubot, actually footnote 2 in Dubot, where it says, quote, until the court applies Netter's holding to the grand jury context or otherwise alters its grand jury jurisprudence, the rule that a timely challenged indictment that fails to contain elements of a crime requires reversal per se. Dubot was decided in 1999. The court, the Supreme Court, decided Cotton in 2002. And in Cotton, the court decided that the issue of whether an element that's omitted from the indictment may, in fact, be reviewed for plain error was decided. And the Supreme Court said that it's not necessary, it's not an automatic reversal to omit an element from the offense in an indictment. So you have the Supreme Court speaking on this issue. Now we're faced with a situation where there is an allegation that there was an essential element omitted from the indictment. How should a defendant challenge this? By a motion to dismiss? Yes. It should be challenged either by a motion to dismiss prior to trial. And if it's not challenged prior to trial, then the review is plain error. It's just that simple. And then you go to the next step, whether there is, in fact, error. And again, it's held by this court in two separate cases. And we would also point to the Cepeda-Martinez case. But certainly in Martinez-Rodriguez, as well as in Covey and Sandoval, and finally in Cepeda-Martinez, all of those cases support that there was, in fact, no plain error. Your Honor, if there are no additional questions, I would submit. I don't see any. Thank you, counsel. Thank you for your argument. Rebuttal? First of all, Your Honor, on Supplemental Excerpt of Records by the Defense, page 3, there is our objections to sentencing. And it specifically states that neither a fact of prior conviction nor a date of deportation was charged in the indictment admitted by Mr. Cerrone and proven beyond a reasonable doubt. Therefore, Mr. Cerrone is subject to a statutory maximum of two years. So it was clearly objected to in the trial court. And that's the difference between this case and Cotton. In Cotton, there was no objection ever. So when the defendant in Cotton had an indictment that just alleged a detectable amount of drugs, he didn't object at all. We have. Finally, the government says we should challenge this pretrial with a pretrial motion to dismiss. Well, I'd ask how. The indictment was facially valid on the elements of 1326A. It alleged a deportation that he is an alien and came back. There was nothing to dismiss at that point. And to answer the one question on whether or not it makes a difference between it's an element or a sentencing factor, Apprendi, Requinco, and all the line of cases treat them the same. It doesn't matter if we characterize the deportation and its date as an element or a sentencing factor. Thank you. Thank you. Thank you for your argument. Thank you both for your arguments. The case just argued will be submitted.
judges: T.G. Nelson, Siler, Hawkins